IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RON LESLIE,

    Plaintiff,

v.

IQ DATA INTERNATIONAL,

    Defendant.

CIVIL ACTION NO.
1:22-cv-02304-VMC-RDC

## FINAL REPORT AND RECOMMENDATION

Before the Court are Defendant IQ International's emergency motion for sanctions, (Doc. 83), and Plaintiff's motion for leave to file a sur-reply, (Doc. 95). Following a teleconference with the parties, the undersigned **GRANTS** Plaintiff's motion, and **RECOMMENDS** that Defendant's motion be **GRANTED** and this case be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

This is a case arising under the Fair Debt Collection Practices Act that has been plagued with discovery disputes since April 2023. On April 5, 2023, the undersigned held a teleconference with the parties regarding a discovery dispute that concerned Plaintiff's purportedly incomplete production of documents—the same documents that are the subject of the instant dispute. (Docs. 28–29). In a joint discovery statement emailed to the undersigned's chambers in April 2023,

Defendant reported that during Plaintiff's deposition in February 2023, it discovered that certain requested documents were missing. Plaintiff was represented by counsel at that time, and the parties agreed to continue the deposition after Plaintiff produced the missing documents. Plaintiff's counsel reported at the teleconference that he believed all documents had already been produced but that he would confer with his client and produce the documents again. The undersigned ordered Plaintiff to produce the documents by April 30, 2023. (Doc. 29).

On May 9, 2023, Defendant filed an emergency motion for sanctions arguing that Plaintiff failed to comply with the undersigned's order to produce the documents. (Doc. 31). Defendant requested the Court order Plaintiff to comply immediately and argued that sanctions were appropriate. The undersigned granted Defendant's motion in part and ordered Plaintiff to produce the documents as previously ordered or certify under oath that he had produced all such discovery to Defendant. (Doc. 32). In response to the undersigned's order, Plaintiff asserted that his client had produced all documents in his possession and counsel did not learn that there was a problem with the production until Defendant filed its motion for sanctions. (Doc. 35). Plaintiff's counsel also reported that certain documents were missing because they were lost; missing medical records had been requested again; and counsel reviewed the production with his client, which led to the production of three additional documents.

On May 31, 2023, the undersigned held a teleconference with the parties on the motion for sanctions. (Doc. 37). After considering the filings as well as arguments presented at the teleconference, the undersigned declined to impose any sanctions because the parties had not conferred with each other and Plaintiff reported that he produced all documents in his possession and also requested any missing documents. (Doc. 38). The undersigned ordered the parties to file a discovery dispute notice on the docket if they were unable to resolve any disputes after meeting and conferring.

On June 15, 2023, the parties filed a joint status report in which they reported that the missing medical records were initially lost in air travel, but the records had been requested again on April 18 and 25, 2023. (Doc. 41). Plaintiff's counsel reported that Plaintiff was going to medical providers that day to secure the records.

In July 2023, Plaintiff's counsel withdrew from this matter, and Plaintiff noticed his decision to represent himself. (Docs. 50–51, 56). Following the denial without prejudice of Defendant's motion for summary judgment, the undersigned ordered the parties to file reports on the status of discovery. (Docs. 56, 64–65). In February 2024, Defendant reported that Plaintiff had still not produced the missing medical records. (Doc. 66). The undersigned again ordered Plaintiff to produce the missing medical records by April 26, 2024. (Doc. 69).

On April 29, 2024, Defendant filed the instant emergency motion for sanctions, asserting that Plaintiff had still not produced the medical records. (Doc. 87). The next day, Plaintiff filed a notice reporting that he had provided the documents "in his custody" via mail. (Doc. 85). The undersigned ordered Plaintiff to respond to the motion for sanctions and ordered the parties to appear at a teleconference on the matter. (Doc. 84).

On May 3, 2024, Defendant filed a status report indicating that it still had not received any document production from Plaintiff. (Doc. 86). The undersigned held a teleconference with the parties on May 31, 2024 to address the emergency motion for sanctions. (Doc. 96). Discovery has been stayed in this matter while the motion for sanctions remains pending. (Doc. 97).

The motion for sanctions is fully briefed and ripe for disposition.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is not privileged, is relevant to the subject matter involved in the pending action, and is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). "[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Md. Cas. Co*., 850 F.2d 1470, 1473 (11th Cir. 1988). Decisions regulating discovery are committed to the

court's sound discretion. *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

The court's broad discretion to control discovery includes the power to impose sanctions on uncooperative litigants. *Goodman v. New Horizons Cmty. Serv. Bd.*, No. 05-14717, 2006 WL 940646, at *1 (11th Cir. Apr. 12, 2006). Discovery sanctions are meant to punish the offending party and deter others from disrupting the discovery process and wasting the court's resources. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).

One available sanction at the court's disposal is the dismissal with prejudice of a plaintiff's action. Fed. R. Civ. P. 37(b)(2)(v). A court may implement dismissal with prejudice as a sanction only when "(1) a party's failure to comply with a court order is a result of willfulness or bad faith, and (2) the district court finds that lesser sanctions would not suffice." *Goodman*, 2006 WL 940646, at *1; *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when plaintiff's recalcitrance is due to wilfulness, bad faith or fault.").

### III. DISCUSSION

Defendant argues that Plaintiff's case should be dismissed as a sanction under Rule 37(b)(2) because he has still not produced specific documents after being ordered to do so multiple times. (Doc. 83). It argues that a lesser sanction will not

suffice because the Court has tried everything with no result. Defendant also requests its attorney's fees for bringing this motion.

Plaintiff responds that the missing documents were previously produced but Defendant's equipment corrupted the files. (Doc. 88). He reports that he has produced all discovery in his possession and requested missing documents from his medical providers.

Defendant replies that it still has not received any production from Plaintiff and argues that he has conceded that any purported production was incomplete. (Doc. 94). It asserts that this discovery was never produced and Plaintiff previously reported losing the documents on a flight. Defendant also notes that Plaintiff's response cites nonexistent case law.

Plaintiff moved to file a sur-reply, which the undersigned **GRANTS**. (Doc. 95). In his sur-reply, Plaintiff asserts that these documents were previously produced, Defendant's equipment corrupted it, and his former counsel lost the documents. He asserts that he has diligently attempted to obtain replacement copies of the documents from his medical providers. Plaintiff again cites nonexistent case law.

The undersigned heard oral argument from both sides in a teleconference and, after considering the filings and arguments, finds that Plaintiff's failure to produce

the documents is unacceptable and dismissal with prejudice is an appropriate sanction.

As already cataloged above, the undersigned has ordered Plaintiff to produce these documents in three different orders, starting on April 5, 2023. (Docs. 29, 32, 69). And still, Plaintiff has not produced them. Regardless of what happened to the original copies of these documents, Plaintiff has disregarded the Court's orders for more than a year and that is sanctionable conduct. *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1452 (11th Cir. 1985) (finding that party had adequate notice to be sanctioned when the court recognized misconduct on three separate occasions). In addition to being ordered to produce these documents, Defendant has filed several notices or motions seeking their production. Plaintiff's failure to produce these documents after all this time "crosse[s] the line from mere negligence to willful disobedience" and warrants dismissal of this action. *See Wooden v. Wal-Mart Stores E., L.P.*, No. 1:07-CV-294-MHS-WEJ, 2007 WL 9710440, at *2 (N.D. Ga. Oct. 16, 2007). Even though he is proceeding *pro se*, Plaintiff must follow the Federal Rules of Civil Procedure and can be sanctioned for his failure to comply with court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Further evidence of Plaintiff's bad faith in this proceeding is his citation to nonexistent case law—even after Defendant alerted him to it in its reply. In support of his response, Plaintiff cites two cases that neither Defendant nor the undersigned

has been able to locate. Plaintiff cited one of those false citations again in his sur-reply. When asked at the teleconference about his seemingly fake citations, Plaintiff stated that it was his belief he was citing good case law.

Fed. R. Civ. P. 11 permits a court to impose sanctions on a party who includes frivolous arguments, claims, defenses, and other legal contentions in his filings. Fed. R. Civ. P. 11(b)(2), 11(c)(4)–(5). One of the citations Plaintiff has included in his brief appears spurious on its face: *Smith v. Smith*, 123 F.3d 1234 (11th Cir. 2000). (*See* Doc. 88 at 3). When asked for an explanation for his fake citations, Plaintiff offered none, which also supports a finding of bad faith. *See Thomas v. Pangburn*, No. 4:23-CV-46, 2023 WL 9425765, at \*5 (S.D. Ga. Oct. 6, 2023) (finding that a *pro se* plaintiff's lack of explanation when asked about fake citations in his filings "cast[ed] doubt on his intentions"), *R. & R. adopted*, 2024 WL 329947 (S.D. Ga. Jan. 29, 2024). Courts have found that such conduct on its own is sanctionable. *See id.* (finding dismissal to be an appropriate sanction for intentionally misleading citations); *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988) (holding that citing nonexistent rules of law was precisely the type of conduct that could be sanctioned under Rule 11).

The Court has already ordered Plaintiff to produce these documents 3 times over 13 months. *See Goodman*, 2006 WL 940646, at \*2 (affirming dismissal of *pro se* plaintiff's case when the plaintiff ignored several instructions and warnings by

the court and there was no indication that the plaintiff would comply with a subsequent order of the court after disregarding similar orders); *Wooden*, 2007 WL 9710440, at \*2 (recommending dismissal when a *pro se* plaintiff failed to respond to discovery after he received an extension of time to produce from the defendant, the court ordered him to produce the discovery after granting a motion to compel, and the court allowed him one final opportunity to explain his disregard of the discovery process). And instead of complying with this Court's orders and producing the documents, Plaintiff has resorted to citing nonexistent authority. As Defendant states, "Enough is enough." (Doc. 83 at 4). Defendant's motion for sanctions should be **GRANTED** and this case should be **DISMISSED WITH PREJUDICE**.

Given the recommendation for the most drastic sanction of all—dismissal with prejudice—the undersigned declines to also recommend monetary sanctions. While a court may order the payment of the opposing side's expenses in addition to dismissal, the undersigned finds that Plaintiff's circumstances—as noted during the undersigned's most recent teleconference—would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C).

IT IS SO **ORDERED** on this 5th day of June 2024.

REGINA D. CANNON
United States Magistrate Judge