IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RON LESLIE,

    Plaintiff,

v.

IQ DATA INTERNATIONAL,

    Defendant.

Civil Action No.
1:22-cv-02304-VMC

**ORDER**

This matter is before the Court on the Final Report and Recommendation ("R&R," Doc. 98) of Magistrate Judge Regina D. Cannon. The R&R recommends that Defendant's Emergency Motion for Sanctions ("Motion," Doc. 83) be granted and that the case be dismissed with prejudice. (Doc. 98 at 1).[1] Plaintiff Ron Leslie filed objections to the R&R. ("Objections," Doc. 101). Defendant IQ Data International (hereinafter "IQ Data") filed its Response in Opposition to Plaintiff's Objections ("Response," Doc. 102), and Leslie filed his Reply to Defendant's Response ("Reply," Doc. 103) without first seeking leave from the Court, a violation of the Local Rules.

---

[1] Citations to page numbers refer to the pages in the relevant document as numbered by the CM/ECF system.

For the reasons that follow, the Court will adopt the R&R in full and dismiss this action with prejudice. Considering the gravity of the recommendation and Plaintiff Leslie's status as a pro se litigant, the Court will deny IQ Data's Motion to Strike (Doc. 104) and grant Leslie's Motion for Leave to File Reply Brief (Doc. 105). The Court will also deny Plaintiff's Motion for Electronic Filing and Service (Doc. 100) as moot.

## I. Background

The R&R contains a comprehensive description of the facts and procedural history, which the Court will not fully restate here. For ease of reference, the Court restates the following facts:

Plaintiff Ron Leslie filed his Complaint on June 9, 2022, over two years ago. And as the R&R explains, most of that time has been characterized by significant discovery issues. In April 2023, the parties made Magistrate Judge Cannon aware of a discovery dispute, and Judge Cannon held a teleconference on the issue. (Doc. 28). The parties explained that, during Leslie's February 2023 deposition, IQ Data learned that Plaintiff, who was represented by counsel at the time, failed to produce documents that had been requested. (Doc. 98 at 1–2). Judge Cannon ordered Leslie to produce any missing documents within the month. (Doc. 29).

The deadline came and went. IQ Data filed an emergency motion for sanctions, claiming that they had not received the documents, and Judge Cannon

held another teleconference with the parties on May 31, 2023. (Docs. 31, 37). After finding that the parties had failed to confer and that Leslie was seemingly working to produce any missing documents, Judge Cannon elected not to impose the requested sanctions. (Doc. 38).

Two weeks later, Leslie's counsel reported that the missing medical records had been lost in air travel but had been re-requested. (Doc. 41 at 2). Leslie even averred that he was going to medical providers that same day to get the missing records. (*Id.*). Leslie's counsel withdrew the following month, and Leslie elected to proceed pro se. (Docs. 50–51).

Months later, IQ Data indicated that Leslie had yet to produce the medical records at issue. (Doc. 66). Judge Cannon ordered Leslie to produce the records for the third time. (Doc. 69). And again, the deadline set by Judge Cannon came and went.

Defendant IQ Data filed the instant Emergency Motion for Sanctions, and the next day, in a notice to the court, Plaintiff Leslie stated that he had "provided all medical bills, records, and evidence supporting his claim in his custody via USPS mail." (Doc. 85 at 1). Judge Cannon held yet another teleconference with the parties, (*see* Doc. 96), and issued this R&R.

Judge Cannon's R&R recommends that Defendant IQ Data's Motion be granted and that this case be dismissed with prejudice. According to Judge

3

Cannon, Plaintiff Leslie's repeated failure to produce the documents at issue over the span of 13 months, coupled with his repeated citation of nonexistent case law, evinces Leslie's bad faith and justifies this significant sanction. (Doc. 98 at 6–9). The Court agrees.

## II.     Legal Standard

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's Report and Recommendation for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the magistrate's findings and recommendations. Where the parties do not file any objections, § 636 does not require the district court to review any issue in dispute de novo. On the other hand, if a party files objections, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III.     Discussion

As an initial matter, the parties dispute whether this Court should consider Leslie's Objections to the R&R (Doc. 101) and his Reply to Defendant's Response in Opposition (Doc. 103). IQ Data argues that Leslie's objections should be ignored because, despite the 14-day deadline imposed by Judge Cannon, Leslie filed his objections late. (Doc. 102 at 1–2). Leslie claims that he wasn't served with the R&R until June 22, 2024, days after the Magistrate Judge's deadline. (Doc. 101 at 1).

Similarly, IQ Data asks the Court to strike Leslie's Reply for procedural reasons. (Doc. 104 at 1–2). Local Rule 72.1(E) states that "[r]eply briefs may not be filed unless the moving party requests, and the presiding judge grants, leave to do so." Furthermore, if leave is granted, the reply brief must be limited in length to 15 pages. LR 72.1(E), NDGa. And as IQ Data explained in its Motion to Strike, Leslie failed to follow these requirements.

This proceeding has been marred by Leslie's disregard for procedural requirements. The fact that Leslie is pro se does not excuse his failure to follow proper procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The Court could choose not to consider one or both of Leslie's untimely pleadings. But, in light of the significant sanction at issue, Leslie's status as a pro se litigant, and the Court's responsibility to secure

5

"the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1., the Court will consider Leslie's Objections and Reply as if he followed the proper procedure. The Court turns to Leslie's Objections now.

Leslie objects to the R&R on several grounds. First, he objects to the R&R's conclusion that he has failed to produce the required documents. Since Judge Cannon previously wrote that "Plaintiff has produced all documents in his possession," (Doc. 38 at 9), Leslie argues that the R&R is inconsistent with the Magistrate Judge's past orders. (Doc. 101 ¶ 1).[2] This, in Leslie's opinion, indicates that he did comply with the Magistrate Judge's discovery orders. (*Id.*).

This argument lacks merit. In the June 1, 2023 Order that Leslie cites, Judge Cannon stated that "it [wa]s the undersigned's understanding that Plaintiff ha[d] produced all relevant documents that [we]re in his possession." (Doc. 38 at 7). But that does not mean that Leslie had produced all the documents that he was obligated to produce. Rather, it only means that, at the time, he had produced the relevant documents that he had in his *possession*. And in fact, two weeks later, Leslie admitted that he had failed to give IQ Data the medical records as required and informed the court that he was going to medical providers to secure those records. (*See* Doc. 41 at 2). Leslie's first objection is contradicted by his own admissions. The objection is overruled.

---

[2] Citations to paragraphs refer to the paragraph numbers in the relevant document.

Next, Leslie objects to the R&R because of a "clean slate order" that was written by Judge Cannon. He points to Judge Cannon's January 24, 2024 Order in which she ordered the parties to meet, confer, and file a status report on the outstanding discovery. (Doc. 65 at 1). Specifically, Leslie points to Judge Cannon's statement that "the District Judge adopted the undersigned's recommendation to deny Defendant's previously pending motion for summary judgment to allow this case to continue with a clean slate." (*Id.*). Leslie suggests that the order meant that the case was to move forward without regard to past discovery issues and that the R&R should have accounted for this. (Doc. 101 ¶ 2).

The Court is not persuaded. Judge Cannon's January 24, 2024 Order said nothing about absolving the parties from issues related to discovery disputes. In fact, the opposite is true – Judge Cannon ordered the parties to file status reports about discovery issues in that same order. (Doc. 65 at 1). And a few months later, in response to those status reports, Judge Cannon again ordered Leslie to produce "the missing medical bills, medical records, and evidence supporting his claim." (Doc. 69 at 1). Leslie had a continuing obligation to produce discovery as required. Judge Cannon's reference to a "clean slate" did not change that. Leslie's second objection is overruled.

Leslie also objects to Judge Cannon's imposition of the April 26, 2024 discovery deadline. He argues that he was not served with Judge Cannon's April

7

3, 2024 Order until April 22, 2024, four days before the deadline. (Doc. 101 ¶ 3). This "limited timeframe," Leslie argues, did not afford him enough time "to gather and submit the required documents, raising questions about the fairness of the imposed deadline." (*Id.*). He makes a similar point in his Reply. (Doc. 103 ¶ 2).

This objection must also fail. The April 26, 2024 discovery deadline was not the only deadline imposed by Judge Cannon. Rather, as Judge Cannon explained in the R&R, that deadline was the *third* time that Judge Cannon ordered Leslie to produce the documents. (Doc. 98 at 7). Even assuming that Leslie didn't receive the April 3, 2024 Order until April 22, 2024, he still had over a year of notice that he needed to produce the documents. And as mentioned previously, Leslie represented to Judge Cannon on June 15, 2023, that he would be going to medical providers that same day to get medical records, the same documents that were still at issue in April 2024. (Doc. 41 at 2). Even the certified mail receipts that Leslie attached to his Reply were stamped in July 2022, well over two years ago. (*See* Doc. 105-4 at 2–6). There was nothing unfair about Judge Cannon's deadline. Plaintiff's third objection is overruled.

Leslie also objects on the basis that IQ Data had outstanding discovery obligations and that the R&R "fails to consider whether both parties were equally held to their discovery responsibilities." (Doc. 101 ¶ 4). Leslie also argues that there has been an "imbalance in enforcement" of the Magistrate Judge's discovery

8

orders. (*Id.* ¶ 5). This is not a proper objection to the R&R. Judge Cannon's R&R centers around Defendant IQ Data's Emergency Motion for Sanctions against Leslie for his failure to follow court orders. Even if IQ Data has outstanding discovery obligations—a supposition that Leslie has not supported with specifics—those obligations would change nothing about Leslie's repeated disregard for Judge Cannon's orders, the main reason for the R&R's conclusion. For these reasons, Leslie's objections in paragraphs 4 and 5 are overruled.

Additionally, Leslie objects to the R&R on the grounds that he has made efforts to address the discovery issues. Leslie points to his Motion to Request Supplemental Discovery Requests to Defendants (Doc. 60) to support his claim. But as the name suggests, that motion is Leslie's attempt to get additional discovery from IQ Data, not an attempt to comply with the Magistrate Judge's previous orders. Plaintiff's sixth objection is overruled.

The Court notes that, in his Motion to Request Supplemental Discovery Requests to Defendants, Leslie claimed that his attorney was negligent, requiring him to make those late-breaking requests. (Doc. 60 at 3). But even if this were true, Leslie knew personally, long before his attorney withdrew, that he needed to secure the missing records and provide them to IQ Data. (*See, e.g.*, Doc. 41 at 2) ("[Mr. L]eslie is going to the medical providers today to secure his records. [A]t present, they have not provided the same.").

9

Leslie also objects to the R&R on the grounds that he provided an explanation for citing nonexistent case law. He argues that, at the teleconference, he informed the court that his use of false authority was an inadvertent mistake caused by "his medical conditions and lack of legal expertise." (Doc. 101 ¶ 7).

Leslie's account of the teleconference differs from that of Judge Cannon. (*Compare* Doc. 101 ¶ 7 *with* Doc. 98 at 8). Leslie says that he explained his use of false case law during the teleconference, but in the R&R, Judge Cannon wrote that he gave no such explanation. Regardless, neither of Leslie's reasons explain why he cited false case law in his briefing. And neither explanation properly explains why he continued to cite nonexistent case law even after it was brought to his attention by IQ Data. (*See, e.g.*, Doc. 95-1 at 4). Leslie's objection is overruled.

Finally, Leslie objects to the R&R on the grounds that he was not properly served with Defendant IQ Data's Motion for Sanctions. (Doc. 101 ¶ 8). The parties already addressed this issue in their briefing on the instant Motion. (*See* Docs. 88, 94). IQ Data claims that it provided Leslie with the Motion "via both USPS First Class Mail and certified mail, return receipt requested, and United States Postal Service, first-class, postage prepaid." (Doc. 94 at 4). IQ Data also asserts that the mailing was returned and marked "Refused." (*Id.*).

The Court has no reason to doubt the veracity of this statement. And in his Objections, Leslie does not dispute the veracity of the statement either; he only

argues that IQ Data has not provided proof. (Doc. 101 ¶ 8). Furthermore, as IQ Data points out, Leslie responded to the Motion well before the deadline imposed by the Magistrate Judge, so he received the Motion early enough to adequately respond. (*See* Doc. 88). This objection is overruled.

Finally, in its Motion, IQ Data asks the Court to order Leslie to "pay for the reasonable expenses, including attorney's fees, incurred in filing this Motion." (Doc. 83 at 5). Magistrate Judge Cannon declined to recommend monetary sanctions, highlighting both the significance of the recommended sanction and circumstances that make an award of expenses unjust under Federal Rule of Civil Procedure 37(b)(2)(C). The Court agrees with Judge Cannon and will not impose monetary sanctions.

IV. **Conclusion**

For the above reasons, it is

**ORDERED** that Defendant's Motion to Strike (Doc. 104) is **DENIED** and Plaintiff's Motion for Leave to File Reply Brief (Doc. 105) is **GRANTED**. It is

**FURTHER ORDERED** that Plaintiff's Objections to the Magistrate Judge's R&R (Doc. 101) are **OVERRULED**, and the Magistrate Judge's R&R (Doc. 98) is **ADOPTED IN FULL**. It is

**FURTHER ORDERED** that Defendant's Emergency Motion for Sanctions for Plaintiff's Failure to Comply with Court Order (Doc. 83) is **GRANTED IN**

**PART**. This action is **DISMISSED WITH PREJUDICE**, but the Court will not impose monetary sanctions. It is

**FURTHER ORDERED** that Plaintiff's Motion for Electronic Filing and Service (Doc. 100) is **DENIED AS MOOT**.

The Clerk is directed to close this case.

**SO ORDERED**, this 25th day of November, 2024.

_____
Victoria Marie Calvert
United States District Judge